B. H. LEWIS AND H. P. LEWIS, Respondents, *v.* CHAS. McCLURE AND CHANCEY AIKEN, Appellants.

CUSTOM—PROOF OF, WHEN REQUIRED.—Where a plaintiff alleges a right to appropriate water under a local custom, and such allegation is denied, the plaintiff must prove such custom and a compliance therewith. The court does not take judicial knowledge of local customs concerning water rights. To claim and hold water appropriated under a local custom, such as is recognized by the act of congress of the twenty-sixth day of

18

July, 1866, the claimant must allege and prove a custom such as is named in said act.

APPEAL from Union County. The facts are stated in the opinion.

*L. O. Sterns, J. J. Balleray, and Knight & Lord,* for appellants.

*Baker & Eakin, and J. A. Stratton,* for respondents.

By the Court, BOISE, J.:

From the pleadings in this case it appears that the plaintiffs (respondents) claim to have appropriated the water of a small stream flowing through their land for the purpose of using the water for domestic and stock purposes and for irrigation. They claim the land as pre-emptors on unsurveyed lands. The defendants (appellants) claim also as pre-emptors, and are on the land below the plaintiffs, through which the stream of water in question flows, in its natural channel. For aught that appears, both parties are lawfully possessed of the lands they claim, and would possess the rights of riparian owners as defined and limited by the common law, unless these rights have been modified by the local custom of the country, so as to give the plaintiffs the right to take this water under the customs and decisions recognized and legalized by the act of congress of the twenty-sixth of July, 1866, which provides that "whenever; by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same." (United States Statutes, p. 432, sec. 2339.) In order that the plaintiffs may claim all this water as against the riparian proprietor below them, they must show that they first took the water according to the acknowledged local customs, etc. This they have alleged, and this allegation is denied by the defendants. There is some objection to the answer in this

behalf as referring the denial to the wrong count of the complaint; but we think the answer, though it does not name specially the ninth count of the complaint in which the custom is alleged, does contain a denial of the custom with sufficient certainty to put that allegation at issue.

The allegation of the custom in the complaint is, "that the appropriation and use of said water, as aforesaid, was at the date of said appropriation, and now is recognized and acknowledged by the local laws and customs of the country where appropriated, and by the decisions of the courts." The denial in the answer, after denying the eighth count, proceeds: "Or that the appropriation of and use of said water by the plaintiffs, in the manner in said count set forth, was, at the date of said appropriation, or that it now is recognized or acknowledged by the local laws or customs of the country where appropriated, or by the decisions of courts set forth, as by plaintiffs alleged. But, on the contrary, said alleged appropriation of said water was and is in conflict with said customs, laws, and decisions of courts." The words, "in the manner in said count set forth," are claimed to refer to the eighth count. But the eighth count contains no allegation as to custom, and this denial could not refer to it, but it does apply to, and deny in terms, the ninth count. So we think the complaint and answer taken together show what was intended to be denied, and what count was referred to, and there is no possibility of the plaintiffs being misled by the answer. And plaintiffs were by this answer put to the necessity of proving the custom which they had alleged, for of this the court could not take judicial knowledge.

We have examined the testimony as exhibited in the briefs, and find no evidence whatever tending to prove that such a custom existed in the county where this water was taken, and the plaintiffs must fail for want of proof, and the bill must be dismissed.